IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PORTIA KAY TROTTER,            )
                                )
      Plaintiff,          )
                                )
vs.                             )  Case No. CIV-17-674-M
                                )
OFFICE OF PERSONNEL             )
MANAGEMENT; RETIREMENT          )
SECTION,                        )
                                )
      Defendant.          )

## ORDER

Before the Court is defendant's Motion to Dismiss, filed September 13, 2017. On October 2, 2017, plaintiff filed her response. Defendant moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss plaintiff's Complaint.

On June 20, 2017, plaintiff, who is proceeding *pro se*, filed the instant action. In her Complaint, plaintiff alleges a claim for embezzlement under 18 U.S.C. § 664. This statute, however, is a federal criminal statute that does not provide for a private cause of action. *See NYSA-ILA Med. & Clinical Servs. Fund v. Catucci*, 60 F. Supp. 2d 194 (S.D.N.Y. 1999) (holding that 18 U.S.C. § 664 does not create civil cause of action). Accordingly, the Court finds that this claim should be dismissed.

Plaintiff also alleges a claim challenging defendant's decision to reduce plaintiff's monthly annuity payment.

> Review by OPM/MSPB/Federal Circuit is the exclusive remedy for claims regarding retirement benefits of federal workers. *See* 5 U.S.C. §§ 8461(c), (e)(1); 7703(b)(1). Courts have consistently and broadly upheld the exclusivity of this remedial scheme. *See United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Lindahl v. OPM*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Fornaro v. James*, 416 F.3d 63 (D.C. Cir. 2005).

*Eisenbeiser v. Chertoff*, 448 F. Supp. 2d 106, 111-12 (D.D.C. 2006). Because plaintiff's claim involves her federal retirement benefits, the Court finds that this Court does not have jurisdiction over this claim. Accordingly, the Court finds plaintiff's claim challenging defendant's decision to reduce plaintiff's monthly annuity payment should also be dismissed.

The Court, therefore, GRANTS defendant's Motion to Dismiss [docket no. 19] and DISMISSES plaintiff's Complaint.

**IT IS SO ORDERED this 16th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE